# U.S. District Court
## Northern District of Ohio (Youngstown)
## CRIMINAL DOCKET FOR CASE #: 4:19−mj−01326−KBB All Defendants

| | |
|---|---|
| Case title: United States of America v. Seymour | Date Filed: 10/30/2019 |
| Other court case number: 4:19cr264 USDC Eastern District of Texas | Date Terminated: 11/06/2019 |

Assigned to: Magistrate Judge Kathleen B. Burke

**Defendant (1)**

| | | |
|---|---|---|
| **Austin Seymour**<br>*TERMINATED: 11/06/2019* | represented by | **Jeffrey M. Haupt**<br>950 South Sawburg Avenue<br>Alliance, OH 44601<br>330−823−7411<br>Fax: 330−823−3331<br>Email: hauptbrmail@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **James W. Haupt , Jr.**<br>Ste. C<br>5458 Fulton Drive, NW<br>Canton, OH<br>330−492−3957<br>Fax: 330−526−8021<br>Email: jameshauptjr@gmail.com<br>*ATTORNEY TO BE NOTICED* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 21:846, 21:841(a)(1) and 2− Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance | |

**Plaintiff**

| | | |
|---|---|---|
| **United States of America** | represented by | **Damoun Delaviz**<br>Office of the U.S. Attorney − Akron |

Northern District of Ohio
208 Federal Bldg.
2 South Main Street
Akron, OH 44308
330–761–0530
Fax: 330–375–5492
Email: damoun.delaviz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2019 | | Arrest (Rule 40) of Austin Seymour (1) on 10/30/19. (S,HR) (Entered: 10/30/2019) |
| 10/30/2019 | 1 | Rule 40 Warrant received as to Austin Seymour. (Attachments: # 1 Eastern District of Texas Indictment)(S,HR) (Entered: 10/30/2019) |
| 10/30/2019 | | Notice [non−document] as to Austin Seymour (1). Rule 5 Initial Appearance set for 10/30/2019 at 02:30 PM in Courtroom 400 before Magistrate Judge Kathleen B. Burke.(S,HR) (Entered: 10/30/2019) |
| 10/30/2019 | | **Minutes of proceedings** [non−document] before Magistrate Judge Kathleen B. Burke. Initial Appearance in Rule 5 Proceedings as to Austin Seymour. AUSA Damoun Delaviz present on behalf of the government. Retained counsel James Haupt, Jr. and Jeffrey Max Haupt were present on behalf of defendant. Defendant waived identity hearing. Waiver executed. Government moved for detention and defendant requested a detention hearing in this district. Detention Hearing set for Wednesday, 11/6/19 at 2:00 pm in Courtroom 400 before Magistrate Judge Kathleen B. Burke. Defendant remanded to the custody of the U.S. Marshal Service pending further proceedings. (Court Reporter − Gina Page: Pretrial Services Officer − Julie Gray). Time: 15 Minutes (S,HR) (Entered: 10/30/2019) |
| 10/30/2019 | 3 | Waiver of Rule 5(c)(3) Identity Hearing by Austin Seymour. (S,HR) (Entered: 10/30/2019) |
| 10/30/2019 | 4 | **Order of Temporary Detention** as to Austin Seymour. Detention Hearing set for 11/6/2019 at 02:00 PM in Courtroom 400. Magistrate Judge Kathleen B. Burke on 10/30/19. (S,HR) (Entered: 10/30/2019) |
| 11/06/2019 | 5 | Notice of Appearance of Attorney − James W. Haupt, Jr. and J. Max Haupt appearing for Austin Seymour. (Haupt, James) (Entered: 11/06/2019) |
| 11/06/2019 | | **Minutes of proceeding** [non−document] before Magistrate Judge Kathleen B. Burke. Detention Hearing in Rule 5 Proceedings as to Austin Seymour (1) held on 11/6/2019. AUSA Damoun Delaviz present on behalf of the government. Attorneys James W. Haupt, Jr. and Jeffrey Max Haupt present on behalf of the defendant. Both parties proffered the Pretrial Services Report. Arguments presented. The government's motion for detention was granted and the defendant was ordered detained. Order of Detention to follow. Defendant remanded to the custody of the U.S. Marshal Service pending transfer to the Eastern District of Texas. (Court Reporter/ECRO − G. Page; Pretrial Services Officer: Julie Gray) Time: 1 hour 5 minutes. (S,HR) (Entered: 11/06/2019) |
| 11/06/2019 | 6 | **Order of Detention Pending Trial** as to Austin Seymour. Magistrate Judge Kathleen B. Burke on 11/6/19. (S,HR) (Entered: 11/06/2019) |
| 11/06/2019 | 7 | Warrant of Removal to the Eastern District of Texas issued as to Austin Seymour. Magistrate Judge Kathleen B. Burke on 11/6/19. (S,HR) (Entered: 11/06/2019) |
| 11/06/2019 | | Notice to Eastern District of Texas of a Rule 5 Initial Appearance as to Austin Seymour (1). Your case number is: 4:19CR264. Using your PACER account, you may retrieve the docket sheet and any text−only entry via the case number link. If you require certified copies of any documents, please send a request to ohndml_InterDistrictTransfer@ohnd.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov. (S,HR) (Entered: 11/06/2019) |

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

FILED
OCT 30 2019
U.S. DISTRICT COURT
DISTRICT OF OHIO
AKRON

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 5:19MJ1326 |
| AUSTIN SEYMOUR | ) | Charging District's Case No. 4:19cr264 (Jordan) |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Eastern District of Texas

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
   ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 10/30/2019

*Defendant's signature*

*Signature of defendant's attorney*

AFPD Carlos Warner
*Printed name of defendant's attorney*

✎ AO 470 (Rev. 12/03) Order of Temporary Detention

# UNITED STATES DISTRICT COURT

NORTHERN     District of     OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>AUSTIN SEYMOUR<br>*Defendant* | **ORDER OF TEMPORARY DETENTION<br>PENDING HEARING PURSUANT TO<br>BAIL REFORM ACT**<br><br>Case Number: 5:19mj1326 |

Upon motion of the **United States of America**, it is ORDERED that a detention hearing is set for **11/6/2019** * at **2:00 pm**
*Date*     *Time*

before **Magistrate Judge Kathleen B. Burke**
*Name of Judicial Officer*

**Courtroom 400, U.S. Courthouse, 2 S. Main Street, Akron, OH 44308**
*Location of Judicial Officer*

Pending this hearing, the defendant shall be held in custody by (the United States marshal)
(_____) and produced for the hearing.
*Other Custodial Official*

Date: **10/30/2019**           *[signature: Kathleen B. Burke]*
*U.S. Magistrate Judge*

---

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. § 3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C. § 3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

UNITED STATES DISTRICT COURT
For the
Northern District of Ohio

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 5:19MJ1326 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE KATHLEEN B. BURKE |
| AUSTIN SEYMOUR | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF APPEARANCE OF COUNSEL**

Please take notice that Attorneys, James W. Haupt, Jr. and J. Max Haupt, hereby enter their appearance as co-counsel for the Defendant. Please serve a copy of all notices, correspondence or orders on Attorneys, James W. Haupt, Jr. and J. Max Haupt, who are admitted to practice in this Court, at the following addresses:

Date: November 5, 2019

James w. Haupt, Jr. (0084212)
437 Market Ave. N.
Canton, Ohio 44702
Telephone: 330-455-5206
Facsimile: 330-455-5200
E-mail: jameshauptjr@gmail.com

J. Max Haupt
526 E. Main St.
Alliance, OH 44601
Telephone: 330-821-2516
Facsimile: 330-821-5521
E-mail: hauptlawoffice@gmail.com

Respectfully submitted,

    */s/ James W. Haupt, Jr.*
JAMES W. HAUPT JR. - #0084212
**THE LAW OFFICES OF James W. HAUPT**
Attorney for Defendant
437 Market Ave. N.
Canton, Ohio  44702
PH. 330-455-5206
FAX 330-455-5200


    */s/ J. Max Haupt*
J. MAX HAUPT - #0088112
**ATTORNEY JEFFREY MAX HAUPT, LTD**
Attorney for Defendant
526 E. Main St.
Alliance, Ohio  44601
PH. 330-821-2516
FAX 330-821-5521

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2019, I electronically filed the foregoing Notice of Appearance on Behalf of Defendant with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail address on file with the Court:

**Damoun Delaviz**
Office of the U.S. Attorney - Akron
Northern District of Ohio
208 Federal Bldg.
2 South Main Street
Akron, OH 44308
330-761-0530
330-375-5492 (fax)
damoun.delaviz@usdoj.gov

    */s/ James W. Haupt, Jr.*
JAMES W. HAUPT JR. - #0084212
Attorney for Defendant

    */s/ J. Max Haupt*

J. Max Haupt - #0088112
Attorney for Defendant

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| United States of America | ) |
|---|---|
| v. | ) |
| AUSTIN SEYMOUR | ) Case No. 5:19MJ1326 |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs
       (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
     to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☑ History of alcohol or substance abuse
☑ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

❏ Lack of significant community or family ties to this district
❏ Significant family or other ties outside the United States
❏ Lack of legal status in the United States
❏ Subject to removal or deportation after serving any period of incarceration
❏ Prior failure to appear in court as ordered
❏ Prior attempt(s) to evade law enforcement
❏ Use of alias(es) or false documents
❏ Background information unknown or unverified
❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 11/06/2019      s/KATHLEEN B. BURKE, U.S. Magistrate Judge

United States Magistrate Judge

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 5:19MJ1326 |
| AUSTIN SEYMOUR | ) | |
| *Defendant* | ) | Charging District's Case No. 4:19CR264 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the **Eastern** District of **Texas**,
*(if applicable)* _____ division. The defendant may need an interpreter for this language: _____.

The defendant: ☑ will retain an attorney.
☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: 11/06/2019

*Judge's signature*

KATHLEEN B. BURKE, U.S. Magistrate Judge
*Printed name and title*